**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

GUSTAVO GALVEZ-LETONA,

      Petitioner-Appellee,

v.

WAYNE KIRKPATRICK, Acting Officer
in Charge, JOSEPH GREENE, District
Director, Immigration & Naturalization
Service, JANET RENO, United States
Attorney General,

      Respondents-Appellants,
_____

AMERICAN IMMIGRATION
LAWYERS ASSOCIATION;
NATIONAL ASSOCIATION OF
PROTECTION & ADVOCACY
SYSTEMS; DISABILITY LAW
CENTER; THE ARC OF THE UNITED
STATES; THE ARC OF UTAH; THE
ARC OF ALLEGHENY; THE ARC OF
MONTGOMERY COUNTY,
PENNSYLVANIA; AMERICAN
ASSOCIATION ON MENTAL
RETARDATION; BAZELON CENTER
FOR MENTAL HEALTH LAW;
DISABILITY RIGHTS EDUCATION &
DEFENSE FUND; DISABILITY
RIGHTS COUNCIL OF GREATER
WASHINGTON; NATIONAL SENIOR
CITIZENS LAW CENTER; NEW YORK
LAWYERS FOR THE PUBLIC
INTEREST; ACCESS LIVING OF
METROPOLITIAN CHICAGO;

No. 99-4195

(D. Utah)

(D.C. No. 99-CV-83-K)

PENNSYLVANIA COALITION OF CITIZENS WITH DISABILITIES; PENNSYLVANIA COUNCIL ON INDEPENDENT LIVING; PENNSYLVANIA STATEWIDE INDEPENDENT LIVING COUNCIL; PUBLIC INTEREST LAW CENTER OF PHILADELPHIA; NORTHEAST PENNSYLVANIA CENTER FOR INDEPENDENT LIVING; VISION FOR EQUALITY; AMERICAN JEWISH CONGRESS; CATHOLIC CHARITIES USA; UNITED JEWISH COMMUNITIES; LUTHERAN IMMIGRATION & REFUGEE SERVICE; MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND; ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND; FRIENDS COMMITTEE ON NATIONAL LEGISLATION; IMMIGRANT LEGAL RESOURCE CENTER; IMMIGRATION AND REFUGEE SERVICES OF AMERICA; NATIONAL ASIAN PACIFIC AMERICAN LEGAL CONSORTIUM; NATIONAL CENTER ON POVERTY LAW; NATIONAL IMMIGRATION LAW CENTER; NATIONAL COUNCIL OF LA RAZA; ASIAN PACIFIC AMERICAN LEGAL CENTER OF SOUTHERN CALIFORNIA; FUND FOR IMMIGRANTS AND REFUGEES; CAPITAL AREA IMMIGRANTS' RIGHTS COALITION; FLORIDA JUSTICE INSTITUTE; FLORIDA IMMIGRANT ADVOCACY CENTER; FLORIDA LEGAL SERVICES; UTAH MINORITY BAR ASSOCIATION;

HEARTLAND ALLIANCE FOR HUMAN NEEDS AND HUMAN RIGHTS; HEBREW IMMIGRANT AID SOCIETY AND COUNCIL MIGRATION SERVICE OF PHILADELPHIA; ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS; INTERNATIONAL INSTITUTE OF LOS ANGELES; INTERNATIONAL INSTITUTE OF THE EAST BAY; COUNCIL OF SENIOR CENTERS AND SERVICES OF NEW YORK CITY; LEGAL ASSISTANCE FOR SENIORS; NEW YORK IMMIGRATION COALITION; NORTHWEST IMMIGRANT RIGHTS PROJECT; SOUTHEAST REGIONAL IMMIGRATION AND CITIZENSHIP COALITION; ALBUQUERQUE BORDER CITY PROJECT; AMERICAN ASSOCIATION OF JEWS FROM THE FORMER USSR; AMERICAN NETWORK OF COMMUNITY OPTIONS AND RESOURCES; ASIAN COMMUNITY AND CULTURAL CENTER; ASIAN LAW ALLIANCE; ASIAN PACIFIC DEVELOPMENT CENTER; CABRINI IMMIGRANT SERVICES; CARIBBEAN WOMEN'S HEALTH ASSOCIATION; CATHOLIC CHARITIES COMMUNITY AND IMMIGRANT SERVICES; LINCOLN INTERFAITH COUNCIL; CLARE'S WELL; LUTHERAN SOCIAL SERVICES OF MINNESOTA; MASSACHUSETTS IMMIGRANT AND REFUGEE ADVOCACY COALITION; MONTAGNARD/DEGA ASSOCIATION; KOREAN AMERICAN

COALITION; NATIONAL
EVANGELICAL SLAVIC
ASSOCIATION; NATIONAL
FEDERATION OF FILIPINO
AMERICAN ASSOCIATIONS;
OFICINA LEGAL/IMMIGRANT LAW
CENTER; SISTERS OF ST. JOSEPH OF
ORANGE; UTICA CITIZENS IN
ACTION; VERMONT REFUGEE
RESETTLEMENT PROGRAM,

Amici Curiae.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MURPHY** and **ANDERSON**, Circuit Judges, and **KANE**, District Judge.[**]
_____

Respondents-Appellants Wayne Kirkpatrick, Joseph Greene and Janet Reno

(collectively the Immigration and Naturalization Service ("INS")) seek reversal of the

district court order granting the application for naturalization of Petitioner-Appellee

Gustavo Galvez-Letona ("Galvez") and ordering the INS to naturalize him forthwith.

The INS had denied Galvez's application for citizenship because he could not

demonstrate that he was attached to the principles of the Constitution, understood the oath

---

[*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

[**]Honorable John L. Kane, Jr., United States District Judge for the District of
Colorado, sitting by designation.

-4-

of allegiance and was willing to take the oath as provided in sections 316(a) and 337(a) of the Immigration and Nationality Act, 8 U.S.C. §§ 1427(a), 1448(a). There is no dispute that the only reason Galvez could not make this showing was because of physical disabilities and mental impairment resulting from severe Downs Syndrome. It is undisputed that Galvez otherwise met all qualifications for citizenship.

The district court ordered the INS to grant Galvez's request for naturalization upon finding that the INS had violated section 504 of the Rehabilitation Act, which prohibits any executive agency from denying a government benefit to an "otherwise qualified individual . . . solely by reason of her or his disability." 29 U.S.C. § 794(a). In the district court and on appeal, the INS argued against this result on the ground that the oath of allegiance and attachment are essential requirements for naturalization that cannot be waived pursuant to the Rehabilitation Act or otherwise.

After this appeal was submitted for decision, Congress amended the Immigration and Nationality Act expressly to grant the Attorney General discretion to waive the oath and attachment requirement if, in the opinion of the Attorney General, the applicant was unable to understand or comply with this requirement as a result of a disability or mental impairment. Pub. L. 106-448, 114 Stat. 1939 (2000) (amending 8 U.S.C. § 1448(a)). In supplemental briefing, the INS represented to the Court that Galvez is qualified for waiver of the oath and attachment requirements under this provision and that it had decided to waive these requirements for Galvez and approve his application for

naturalization. The INS further asserted that these representations moot this appeal and require us to vacate the district court judgment.

We disagree. Pursuant to the district court's order, the INS issued Galvez a certificate of citizenship in November, 1999. The INS maintains that this certificate will terminate and Galvez's right to citizenship pursuant to it will be void *ab initio* if this Court vacates or reverses the district court's order. Conversely, if we affirm the district court's judgment, the INS has stated that it will acknowledge Galvez's citizenship for all purposes as conferred by the November, 1999 certificate and will formally notify Galvez of such acknowledgment. In its supplemental briefing to this Court, the INS indicated that, notwithstanding its recent decision to waive the oath and attachment requirement for Galvez and approve his request for naturalization, it will require Galvez to obtain a new certificate of naturalization rather than affirm the validity of Galvez's existing certificate and any benefits he has obtained in reliance on it. Under these circumstances, the validity of Galvez's November, 1999 certificate of naturalization remains at issue and this case is not moot. *See City of Albuquerque v. Browner*, 97 F.3d 415, 420 (10th Cir. 1996)(case is not moot unless effects of alleged misconduct are "completely and irrevocably eradicated.").

Turning to the merits of the appeal, we affirm the district court's judgment, but on

grounds other than those stated by that court.[1]  As described above, Congress' recent

amendment of the Immigration and Naturalization Act grants the INS discretion to waive

the oath and attachment requirement for disabled persons.  This amendment applies to all

persons applying for naturalization "before, on, or after the date of the enactment of this

Act."  Pub. L. 106-448, § 2.  The INS has informed the Court that Galvez is eligible for

this waiver and that it would exercise its discretion to approve Galvez's application for

naturalization if the application was newly presented to it.  This INS determination is

applicable to the Galvez naturalization application acted upon by the district court.  As the

INS has determined that the oath and attachment requirement should be waived for Galvez

and that he is otherwise entitled to naturalization, we AFFIRM on this basis the district

court order directing the INS to grant Galvez's application for naturalization.

In light of this decision, we deny the INS's Motion to Vacate the Judgment of the

District Court and to Remand With Direction to Dismiss, and deny as moot Galvez's

Motion for Summary Affirmance.

Entered for the Court


John L. Kane, Jr.
District Judge

---

[1]  As a result, we do not address the district court's holding that the INS violated
section 504 of the Rehabilitation Act when it denied Galvez's application for
naturalization.